UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL WILLIAM JENSEN, | ) | 1:07-cv-01737-SMS-PC |
| Plaintiff, | ) ) | ORDER REVOKING IN FORMA PAUPERIS STATUS AND REQUIRING |
| vs. | ) ) | PLAINTIFF TO PAY THE $350.00 FILING FEE FOR THIS ACTION IN |
| JAMES YATES, et al., | ) ) | FULL WITHIN THIRTY DAYS |
| Defendant. | ) ) ) | THIRTY DAY DEADLINE |

Plaintiff, Paul William Jensen ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   BACKGROUND**

Plaintiff filed this action on November 30, 2007. (Doc. 1.) On December 14, 2007, plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Doc. 4.) On December 17, 2007, plaintiff filed a motion to proceed in forma pauperis, and on December 26, 2007, the court granted the motion. (Docs. 6, 7.) On January 14, 2008, plaintiff filed an amended complaint. (Doc. 10.) On February 5, 2009, this action was assigned to the undersigned to conduct all further proceedings in this case. (Doc. 24.)

On October 14, 2008, the court issued an Order to Show Cause ("OSC") directing plaintiff to explain why the court should not revoke his in forma pauperis status under the Prison

1

Litigation Reform Act. (Doc. 21.) On October 30, 2008, plaintiff filed a response to the OSC, which is now before the court. (Doc. 22.)

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison. Plaintiff claims that in August 2002, defendants illegally placed him in Administrative Segregation, resulting in loss of freedom, personal property, due process rights, and equal protection rights. Plaintiff also brings additional claims against defendants, including claims for defamation, fraud, persecution, falsifying documents, and retaliation.

## III. THREE STRIKES PROVISION

The Prison Litigation Reform Act governs proceedings in forma pauperis. 28 U.S.C. 1915. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In its OSC, the court maintained that plaintiff has, on three prior occasions, brought civil actions at the United States District Court challenging the conditions of his confinement, which were dismissed for failure to state a claim:

(1) Jensen v. Lloyd, 2:00-cv-10438-UA-RNB (Central District of California);

(2) Jensen v. Pete Wilson, et al., 2:98-cv-00936-WBS-DAD-P (Eastern District of California); and

(3) Jensen v. Davis, et al., 1:99-cv-05431-REC-SMS-P (Eastern District of California).

Moreover, the court found no evidence in plaintiff's complaint, filed November 30, 2007 in this action, that he was under imminent danger of serious physical injury at the time the complaint was filed.

///

///

2

### *A.     Imminent Danger*

In his response to the OSC, plaintiff states that he "feared imminent danger of serious physical injury" prior to, on the date, and after the date he filed the complaint in this action.   Plaintiff complains of "unsafe and possibly life-threatening conditions." (Response to OSC at 4:28.) Plaintiff alleges that defendants "caus[ed] the inmates in D4-Ad-Seg-Unit to verbally threaten plaintiff's life, and berate him on a daily basis, which added to his fear." (Response to OSC at 5:22-28.)   Plaintiff alleges that defendants made every effort to destroy him and cause his "demise," defining his "demise" as "the fact that plaintiff was illegally placed in the Ad-Seg Unit (ASU) ..., resulting in his loss of prison freedoms, personal property, due process rights, equal protection under the laws rights, etc." (Response to OSC at 6 ¶1.)

Plaintiff alleges that his due process rights were violated at the ASU Administrative Review Hearing, when defendants "ignor[ed] the fact that plaintiff had been defamed, slandered, and framed, being blamed for misconduct plaintiff had not committed," resulting in damage to his reputation and "future possible damage, if and when plaintiff meets any of the inmates housed therein." (Response to OSC at 6 ¶2.) Plaintiff alleges that defendants committed fraud, slander, persecution, and defamation, falsified State documents, retaliated against plaintiff, failed to adequately investigate, and conspired and discriminated against him. (Response to OSC at 6-7.) Plaintiff also alleges that defendants brought fraudulent charges against him to stop him from assisting other inmates with their legal work. (Response to OSC at 8 ¶9.) Plaintiff alleges he was denied yard exercise for 44 days, went without his bifocals for 30 days, was not provided his orthopedic boots for 3 days, and was without medication for 7 days. (Response to OSC at 13:2-9.) Plaintiff describes defendants' behavior as corrupt and diabolical. (Response to OSC at 14:10-13.)

Although plaintiff makes numerous claims against defendants for violation of his rights and describes serious misconduct by defendants, plaintiff does not support those claims with facts demonstrating that he was in imminent danger of serious physical injury at the time the complaint was filed. Plaintiff describes verbal threats by other inmates, future possible damage if and when he meets other inmates, emotional distress, injury to his reputation, and illegal placement in segregated housing,

but he has not provided any facts or evidence in the complaint, amended complaint, or his response to the OSC demonstrating that he was in immediate danger of physical harm. Therefore, plaintiff is not entitled to proceed in forma pauperis based on imminent danger.

### B.    Three Strikes

Plaintiff acknowledges that "the supposed IFP strikes remain," but he requests the court to reconsider whether the three prior actions identified by the court qualify as "strikes" under § 1915(g). With regard to his case Jensen v. Lloyd, 2:00-cv-10438-UA-RNB, filed at the United States District Court for the Central District of California, plaintiff asserts there is no "strike" because:

> "there is no conviction or sentence regarding the Schwalm case, regarding D.A. misconduct, as plaintiff was acquitted of that case. Further plaintiff did not submit it with any malicious or frivolous intent. His claim for damages where a judgment for him would necessarily imply the invalidity of his conviction -- could not possibly occur, as plaintiff was not convicted. Plaintiff's claim is cognizable, and he is able to refile."

The court has reviewed the Central District's October 19, 2000 order dismissing the action. (Central District Docket, Doc. 2.) The Central District denied plaintiff's application to file the complaint without prepayment of the filing fee, on the ground that plaintiff's claims were barred by Heck v. Humphrey, a case which held that to recover damages in such an action, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by the federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). As such, the action was dismissed by the Central District for failure to state a claim upon which relief could be granted under §1983, which constitutes a "strike" under §1915(g). Plaintiff's argument fails because it addresses the merits of the Central District's decision and not the criteria used to determine a "strike" under § 1915(g).

With regard to plaintiff's cases Jensen v. Pete Wilson, et al., 2:98-cv-00936-WBS-DAD-P, and Jensen v. Davis, et al., 1:99-cv-05431-REC-SMS-P, both filed at the United States District Court for the Eastern District of California, plaintiff argues they do not qualify as "strikes" under section 1915(g) because a dismissal for failure to prosecute does not constitute a "strike." A review of the court's record

shows that both of these cases were clearly dismissed for failure to state a claim. Therefore, plaintiff's argument is without merit, and each of these two Eastern District's cases constitutes a "strike" under § 1915(g).

Based on the above analysis, the court maintains that plaintiff's cases, <u>Jensen v. Lloyd</u>, 2:00-cv-10438-UA-RNB (Central District of California); <u>Jensen v. Pete Wilson, et al.</u>, 2:98-cv-00936-WBS-DAD-P (Eastern District of California); and <u>Jensen v. Davis, et al.</u>, 1:99-cv-05431-REC-SMS-P (Eastern District of California), constitute three "strikes" under § 1915(g).

## III. CONCLUSION

In light of the foregoing, the court finds that plaintiff has, on three prior occasions, while incarcerated or detained in a facility, brought an action in a court of the United States that was dismissed on the grounds that it fails to state a claim upon which relief may be granted, and that plaintiff was not in imminent danger of serious physical injury at the time the complaint was filed in this action. Therefore, plaintiff is not entitled to proceed in forma pauperis under § 1915(g) in this action. As a result, the court shall revoke plaintiff's in forma pauperis status in this action and plaintiff shall be required to pay the $350.00 filing fee for this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status in this action is REVOKED;
2. Plaintiff is required to pay the $350.00 filing fee for this action in full within thirty days of the date of service of this order; and
3. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

**Dated:   February 6, 2009**            /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE

5